Joseph S. Farzam, Esq. (SBN 210817)
Christopher Goodrich (SBN 312396)
**JOSEPH FARZAM LAW FIRM**
**A Professional Law Corporation**
11766 Wilshire Blvd., Suite 280
Los Angeles, California 90025
Telephone: (310) 226-6890
Facsimile: (310) 226-6891

Attorneys for Plaintiff,
DOROTHY FULLER

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY FULLER, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>CELLCO PARTNERSHIP dba VERIZON WIRELESS CAPITAL LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive,<br><br>                    Defendant. | Case No. 1:24-CV-00536-JLT-EPG<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>**1. DISABILITY DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br>**2. RACE DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br>**3. RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br>**4. FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);**<br>**5. FAILURE TO PROVIDE REASONABLE ACCOMMODATION (VIOLATION OF GOV'T. CODE § 12940(m));**<br>**6. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS (VIOLATION OF GOV'T CODE §12940(n);**<br>**7. WRONGUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br>**8. WRONGFUL TERMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>**DEMAND OVER $35,000**<br><br>**[DEMAND FOR JURY TRIAL]** |

        **COMES NOW PLAINTIFF, DOROTHY FULLER,** and for causes of action against the

Defendants and each of them, alleges as follows:

**JURISDICTION AND VENUE**

1.     Jurisdiction is conferred on this Court over the defendants named herein, who conduct business and/or reside in the State of California. Jurisdiction is conferred on this Court as to all causes of action, as they arise under state statutory or common law.

2.     Venue is proper in this Court, and this action is properly filed in Fresno County, because Defendants' obligations and liability arise in Fresno County and because the work that is the subject of this action was performed by Plaintiff in Fresno County.

**THE PARTIES**

3.     Plaintiff, DOROTHY FULLER, is and at all times relevant hereto was a resident of the County of Fresno, State of California.

4.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant, CELLCO PARTNERSHIP was and is a Delaware Limited Liability Company doing business at One Verizon Way, City of Basking Ridge, State of New Jersey.

5.     During all relevant times, Cellco Partnership dba Verizon Wireless Capital LLC, and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employed five (5) or more persons and are therefore subject to the jurisdiction of this Court.

6.     At all times relevant herein, Cellco Partnership dba Verizon Wireless Capital LLC, and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and are each any "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558, and "any person who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person [and] includes the state, political subdivisions of the state, and municipalities." as such term is used in Labor Code section 1182.12, and are liable to Plaintiff on these bases.

7.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-

conspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

8.      Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i).  Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

9.      Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

10.      Plaintiff has filed complaints of discrimination, harassment, retaliation, failure to prevent discrimination or retaliation, failure to accommodate under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH"). Plaintiff received a Right to Sue letter on May 8, 2023, and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

**ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER**

11.      Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Employers and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

12.     Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Employers and DOES 1-20 are, in reality, one and the same as Defendants, including, but not limited to because:

a.     Employers are completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.     Employers and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

c.     Employers and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.     Employers do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.     The business affairs of Employers and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion.  Employers are, and at all times relevant hereto were, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20.  The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations.  The corporate existence of Employers and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

13.     Accordingly, Employers constitute the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

14.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Employers and DOES 1-20 are Plaintiff's joint employers by virtue of a joint

COMPLAINT FOR DAMAGES

enterprise, and that Plaintiff was an employee of Employers and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

15. Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Employers, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Employers and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Employers and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Employers and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Employers and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, Employers and/or DOES 1-20 are the successors of one or more of the other Defendants and are liable on that basis.

## FACTUAL ALLEGATIONS

16. On or about April 20, 2009, Plaintiff Dorothy Fuller was hired by Defendants to work as a full-time Senior Analyst for the Vendor Management Department, a work-from-home position.

17. Plaintiff's position as Senior Analyst required her to frequently travel to different locations within the U.S. and sometimes internationally, to help set up new company channels.

18. At the end of her employment, Plaintiff's rate of pay was $37.49 an hour. Plaintiff's fixed schedule was five days per week, approximately eight hours per day, approximately forty hours per week.

19. Throughout Plaintiff's tenure with Defendants, Plaintiff consistently performed well and excelled in her position as a Senior Analyst. In fact, she was provided annual incentive rewards and pay increases and had no major work infractions prior to her being wrongfully terminated on or about December 2, 2022.

20. During her employment, Plaintiff suffered from a mental disability which caused her anxiety and depression. Because of this, Plaintiff required assistance from a service animal to travel during her work trips. Defendants were fully aware of Plaintiff's disability and her need to travel with a service animal.

21.    In or around May 2022, Plaintiff had a new Manager, Kevin Gendron, a Caucasian male. Plaintiff began feeling harassed and discriminated against since being placed under his management.

22.    Mr. Gendron frequently used racial slurs against Plaintiff, including referring to her as "gal," a term that was historically used to refer to African American females in a derogatory way. Plaintiff reported this to her superiors, Magdalena Porus, Amy Spindler, and Judith Periault, but no action was taken.

23.    When Plaintiff was assigned to set up a site in Jamaica, Mr. Gendron contacted her and scolded her over the phone, becoming aggressive with her because of a miscommunication between Plaintiff and the on-site manager in Jamaica.

24.    Mr. Gendron prevented Plaintiff from receiving promotions and other job assignments on two occasions.

25.    The first instance occurred when Plaintiff returned from her assignment in Jamaica, in or around June 2022. She received positive reviews from her superiors and was asked to help set up another channel in South Africa. Plaintiff requested that Kevin place on that assignment, but he did not approve her request.

26.    The second instance occurred in or around November 2022 when Plaintiff applied for another role. The hiring manager of that role informed Plaintiff she was qualified for the position. Plaintiff mentioned it to Mr. Gendron but was met with many pushbacks.

27.    On or about August 28, 2022, Plaintiff was scheduled to travel to Panama to set up a new company channel. However, due to government travel restrictions in place because of COVID-19, Plaintiff was unable to travel with her service animal during that trip.

28.    During her work trip, Plaintiff found out she was scheduled to fly back home on September 11, 2022. Since Plaintiff was unable to travel with her service animal during her trip, she also did not want to fly back on September 11, because of her mental condition and the triggering anxiety of the significance of flying on September 11.

29.    On September 10, 2022, Plaintiff contacted her new manager, Kevin Gendron, to inform him of her anxiety of flying on September 11, 2022 without her service animal and requested to change her flight to September 12 or 13.  Kevin Gendron dismissed Plaintiff's request and her mental condition,

and laughed at Plaintiff's reason for her request. Mr. Gendron stated, "everyone goes through that and everyone has anxiety."

30.    Plaintiff ultimately changed her flight to September 13, 2022, because there were no scheduled flights available for September 12.

31.    Plaintiff believes Mr. Gendron did not properly report her request for accommodation to the Human Resources Department because HR later contacted Plaintiff about her change of flight, and they were not aware of her reason for changing her flight.

32.    Additionally, there were two other non-African American co-workers who were also stationed in Panama but were scheduled to fly back on September 12, 2022. Plaintiff was the only one whose flight was scheduled on September 11, 2022.

33.    Plaintiff felt she was harassed and discriminated by Mr. Gendron's dismissive and discriminating remarks regarding her mental condition. Therefore, Plaintiff decided to verbally report the incident to the Human Resources department. However, instead of choosing to investigate further, Defendants wrongfully terminated Plaintiff against public policy and in retaliation for Plaintiff's complaints on December 2, 2022.

34.    Cellco Partnership dba Verizon Wireless Capital LLC and "Doe" Defendants' conduct described herein was undertaken, authorized and/or ratified by Cellco Partnership dba Verizon Wireless Capital LLC and "Doe" Defendants' officers, directors and/or managing agents, and those identified as Does 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are heretofore identified and designated herein as DOES 1 through 20, inclusive.

35.    Defendants' conduct described herein was undertaken, authorized, and/or ratified Defendants' officers, directors or managing agents, including, those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore

undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

36.     As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer harm and is entitled to recover, and claims, general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

37.     Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel, and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Cellco Partnership dba Verizon Wireless Capital LLC and "Doe" Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

## FIRST CAUSE OF ACTION
## DISABILITY DISCRIMINATION
## IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;
## AGAINST ALL DEFENDANTS

38.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

39.     As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

40.     FEHA requires Defendants to refrain from discriminating against an employee on the basis of gender, sex, pregnancy, disability and/or medical condition, real or perceived, and to prevent discrimination and harassment on the basis of disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities from occurring.

41.     Plaintiff was a member of multiple protected classes as a result of Plaintiff's disability, medical condition, and/or the perception that Plaintiff was suffering from a disability and/or medical condition.

42.     At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

43.     Plaintiff suffered the adverse employment actions of discrimination, harassment, retaliation, failure to accommodate, failure to investigate, remedy, and/or prevent harassment and retaliation, and wrongful termination, and thus was harmed thereby.

44.     Plaintiff is informed and believes that Plaintiff's disability and/or medical condition, real and perceived, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

45.     Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

46.     The damage allegations stated above, are herein incorporated by reference.

47.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**SECOND CAUSE OF ACTION**

**RACE DISCRIMINATION**

**IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST ALL DEFENDANTS**

48.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

49.    Defendants, and each of them, are and at all relevant times herein were "employers" within the meaning of, and are subject to the FEHA, as employers of five (5) or more employees pursuant to section 12926, subdivision (d).

50.    At all relevant times herein, the FEHA was in full force and effect and was binding upon Defendants, and each of them.

51.    As such term is used under the FEHA, "on the bases enumerated in this part" means or refers to discrimination on the basis of one or more of the protected characteristics under the FEHA.

52.    Plaintiff was a member of multiple protected classes as a result of Plaintiff's discrimination and harassment based upon her race.

53.    At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

54.    Plaintiff suffered the adverse employment actions of unlawful harassment, retaliation, discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

55.    Plaintiff is informed and believes that Plaintiff's race, real and perceived, and/or some combination of these protected characteristics under Government Code §12926(o) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

56.    Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

57.    The damage allegations stated above, are herein incorporated by reference.

58.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

59.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**THIRD CAUSE OF ACTION**

**RETALIATION**

**IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**

**AGAINST ALL DEFENDANTS**

60.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

61.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

62.     These laws set forth in the preceding paragraph, particularly, California Government Code §12940, require Defendants to refrain from retaliating against an employee for engaging in protected activity.

63.     Plaintiff engaged in the protected activities of requesting accommodation for her disability.

64.     Plaintiff suffered the adverse employment actions of discrimination, harassment, retaliation, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, harassment, and retaliation, and wrongful termination, and thus was harmed thereby.

65.     Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation and complaining about and protesting about Defendants' discriminatory and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

66.     Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth herein above. Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

67.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

68.     The damage allegations stated above, are herein incorporated by reference.

69.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### FOURTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION, HARASSMENT,  AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);

### AGAINST ALL DEFENDANTS

70.     Plaintiff re-alleges and incorporates by reference all Paragraphs, inclusive, as though set forth in full herein.

71.     At all times hereto, the FEHA, including in particular Government Code § 12940(k), was in full force and effect and was binding upon Defendant. The subsection imposes a duty on Defendant to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring. As alleged above, Defendant violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.

72.     The above said acts of Defendant constitute violations of the FEHA and were a proximate cause in Plaintiff's damages as stated below.

73.     Defendant failed to take reasonable steps to prevent the discrimination, harassment and retaliation.

74.     The damage allegations stated above, are herein incorporated by reference.

75.     Defendant Cellco Partnership dba Verizon Wireless Capital LLC, Kevin Gendron, and DOES 1-20s' conduct was a substantial factor in causing Plaintiff's injuries.

76.     The foregoing conduct of Defendants, individually, or by and through their officers, directors and/or managing agents, was intended by the Defendant to cause injury to the Plaintiff or was despicable conduct carried on by the Defendant with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiffs rights such as to constitute malice, oppression, or fraud under Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendant. Pursuant to Government Code § 12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE REASONABLE ACCOMMODATION

### (VIOLATION OF GOV'T. CODE § 12940(m))

### AGAINST ALL DEFENDANTS

77.     Plaintiff re-alleges and incorporates by reference all Paragraphs, inclusive, as though set forth in full herein.

78.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

79.     At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

80.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

81.     At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed or could have performed the duties and functions of that

position with reasonable accommodations. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or medical condition, actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety. Accommodation of Plaintiff's disability or disability or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants. Defendants failed and refused to accommodate Plaintiff's disability and continue to violate this obligation, up to and including the date of Plaintiff's termination.

82.    The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

83.    The damage allegations stated above, are herein incorporated by reference.

84.    The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**SIXTH CAUSE OF ACTION**

**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

**IN VIOLATION OF GOV'T CODE §12940(n)**

**AGAINST ALL DEFENDANTS**

85.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

86.    At all times relevant hereto, the FEHA was in full force and effect and was binding upon Defendants, and each of them.

87.    The FEHA makes it an unlawful employment practice to fail to engage in a timely, good faith, interactive process with an employee and/or the employee's physician to determine effective

reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical or mental disability or medical condition. (Cal. Gov. Code § 12940(n).)

88. Moreover, an employer "has an affirmative duty to make reasonable accommodation(s) for the disability of any individual applicant or employee if the employer . . . knows of the disability, unless the employer . . . can demonstrate, after engaging in the interactive process, that the accommodation would impose an undue hardship." (Cal. Code Regs., tit. 2, § 11068(a)

89. Furthermore, if there is a need to "identify or implement an effective, reasonable accommodation for an employee or applicant with a disability, the FEHA requires a timely, good faith, interactive process between an employer or other covered entity and an applicant, employee, or the individual's representative, with a known physical or mental disability or medical condition." (Cal. Code Regs., tit. 2, § 11069(a)[emphasis added].) During such an interactive process, both the employer and the employee, or his or her representative, must exchange "essential information identified" in Title 2, section 11069 of the California Code of Regulations, "without delay or obstruction of the process." (Id.)

90. The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

91. The damage allegations above are herein incorporated by reference.

92. The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

93. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorney fees and costs, including expert fees pursuant to the FEHA.

1

2          **SEVENTH CAUSE OF ACTION**

3          **WRONGFUL TERMINATION**

4          **IN VIOLATION OF PUBLIC POLICY**

5          **AGAINST ALL DEFENDANTS**

6          94.      Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as

7    though set forth in full herein.

8          95.      At all times mentioned in this complaint, the FEHA was in full force and effect and was

9    binding on Defendants. In part, this law requires Defendant to refrain, among other things, from

10   discriminating against any employee on the basis of disability, medical condition, real or perceived,

11   and use of medical leave, and from retaliating against any employee who engages in protected activity.

12         96.      At all times mentioned in this complaint, it was a fundamental policy of the State of

13   California that Defendants cannot discriminate and/or retaliate against any employee on the basis of

14   disability, medical condition, real or perceived, use of medical leave and/or engagement in protected

15   activity.

16         97.      Plaintiff believes and thereon alleges that Plaintiff's disability and/or medical condition,

17   real or perceived, use of medical leave, engagement in protected activity with respect to these protected

18   classes, and/or some combinations thereof, were motivating factors in Defendants' conduct as alleged

19   herein above.

20         98.      Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's

21   employment on the basis of Plaintiff's disability, medical condition, real or perceived, or use of medical

22   leave, Plaintiff's complaining of discrimination due to these protected classes, Plaintiff's engagement

23   in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's

24   damages as stated below.

25         99.      The above said acts by Defendant constitute violations of the Government Code and the

26   public policy of the State of California embodied therein as set forth above. Defendant violated these

27   laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in

28   retaliation for his exercise of protected rights.

100.    At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendant cannot discriminate and/or retaliate against any employee in violation of the FEHA

101.    Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's status as a protected member of the class under FEHA was a proximate cause in Plaintiff's damages as stated below.

102.    The damage allegations stated above, are herein incorporated by reference.

103.    The foregoing conduct of Defendants, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendant with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiffs rights such as to constitute malice, oppression, or fraud under Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendant.

**EIGHTH CAUSE OF ACTION**
**WRONGFUL TERMINATION**
**IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

104.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

105.    At all times hereto, the Fair Employment and Housing Act, ("FEHA") was in full force and effect and was binding upon Defendants and each of them.

106.    As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

107.    FEHA requires Defendants to refrain from discriminating against an employee on the basis of race, gender, sex, disability and/or medical condition, real or perceived, and to prevent discrimination and harassment on the basis of race, national origin, gender, sex, disability and/or medical condition.

108.    Plaintiff was a member of a protected class as a result of Plaintiff's physical disability and/or medical condition. At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

109.    Plaintiff suffered the adverse employment actions of discrimination, harassment, retaliation, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, harassment, and retaliation, failure to reinstate and/or return to work, and wrongful termination, and was harmed thereby.

110.    Plaintiff is informed and believes that Plaintiff's disability and/or medical condition, real and perceived, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

111.    Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below. Left with no recourse, Plaintiff was forced to resign on November 2, 2021.

112.    The damage allegations stated above, are herein incorporated by reference.

113.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

Wherefore, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof but estimated to be no less than $100,000 as follows:

1.    For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.    For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

3.    For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

4.    For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;

5.    For post-judgment interest; and

6.    For any other relief that is just and proper.

DATED:  May 29, 2024                          **JOSEPH FARZAM LAW FARM**

By: _____
Joseph S. Farzam, Esq.
Attorney for Plaintiff
DOROTHY FULLER


## JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

DATED:  May 29, 2024                          **JOSEPH FARZAM LAW FIRM**

By: _____
Joseph S. Farzam, Esq.
Attorney for Plaintiff
DOROTHY FULLER

COMPLAINT FOR DAMAGES

## CERTIFICATE OF SERVICE

### Case No. 1:24-CV-00536-JLT-EPG

*DOROTHY FULLER v. CELLCO PARTNERSHIP dba VERIZON WIRELESS CAPITAL LLC*

I, MARIO HURTADO, declare that I am a resident of or employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the entitled case. The name and address of my residence or business is JOSEPH FARZAM LAW FIRM 11766 Wilshire Blvd., Suite 280, Los Angeles, California 90025.

On May 29, 2024 I served the foregoing documents described as:

### FIRST AMENDED COMPLAINT

_____   by placing the document(s) listed above in a sealed envelope, addressed as set forth below, and placing the envelope for collection and mailing in the place designated for such in our offices, following ordinary business practices.

__X__   by transmitting via electronic mail the document(s) listed above to the electronic mailing addresses set forth below on this date before 11:59:59 p.m. pursuant to California Code of Civil Procedure section 1010.6 and California Rules of Court Rule 2.251.

__X__   by notice of electronic filing. The below-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(E).

on the parties as listed below:

### SEE ATTACHED SERVICE LIST

I am readily familiar with the ordinary practice of the business of collecting, processing and depositing correspondence in the United States Postal Service and that the correspondence will be deposited the same day with postage thereon fully prepaid. I am also readily familiar with the firm's practices regarding service of documents via electronic mail. **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.**

Executed on May 29, 2024 in Los Angeles, California.

*Mario Hurtado*

Mario Hurtado

SERVICE LIST

## Case No. 1:24-CV-00536-JLT-EPG
### *DOROTHY FULLER v. CELLCO PARTNERSHIP dba VERIZON WIRELESS CAPITAL LLC.*

## SERVICE LIST

**Attorneys' Information**

Nicole M. Shaffer
Nicole.Shaffer@jacksonlewis.com

Denise G. S. MacMurray
Denise.MacMurray@jacksonlewis.com

Ashley N. Rippolone
Ashley.Rippolone@jacksonlewis.com

Jackson Lewis P.C.
3390 University Ave., Suite 110
Riverside, CA 92501
Phone: (951) 848-7940

*Attorneys for Defendants: Cellco Partnership dba Verizon Wireless Capital LLC*